UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY E. AFFONSO,

        Plaintiff,

        v.

METROPOLITAN LIFE INSURANCE COMPANY, et al.,

        Defendants.
_____/

No. C 10-05054 PJH

**ORDER**

On June 29, 2011, the court held a hearing on defendants Metropolitan Life Insurance Company's ("MetLife") and Morgan Stanley Benefits Plan's ("Plan") motion for abuse of discretion review, plaintiff Gary E. Affonso's motion to augment the administrative record, and defendant Morgan Stanley's motion to dismiss. All parties appeared through counsel. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS MetLife and the Plan's motion for abuse of discretion review; GRANTS IN PART AND DENIES IN PART plaintiff's motion to augment the administrative record; and GRANTS Morgan Stanley's motion to dismiss for the reasons stated at the hearing and summarized as follows.

    1.    MetLife and the Plan seek a determination that the applicable standard of review is for abuse of discretion. As a general matter, when a Plan administrator's denial of benefits is challenged under ERISA, the default rule holds that court review of the administrator's denial is de novo, unless the benefit Plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the Plan. See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006) (en

banc).  Analysis of this issue depends on the wording of the Plan itself.  The Ninth Circuit in Abatie held that "for a Plan to alter the standard of review from the default of de novo to the more lenient abuse of discretion, the Plan must unambiguously provide discretion to the administrator."  See id. at 964.  The parties do not dispute that the language contained in the Summary Plan Description ("SPD") is sufficient to confer discretion to the Plan Administrator, but plaintiff disputes whether the SPD constitutes the formal Plan document.  The employer, Morgan Stanley, has offered the declaration of Leigh Braun, a Vice President of Human Resources in the Benefits Department of Morgan Stanley, who states that the formal plan document for the Morgan Stanley Life Insurance Plan is one and the same with the SPD.  Braun Decl. ¶ 5 and Ex. 1.  Plaintiff's objections to the Braun Declaration are overruled.  Based on the Braun declaration, the court determines that the SPD constitutes the formal plan document for the supplemental life insurance Plan at issue in this case.  Under Abatie, 458 F.3d at 963, the language of the SPD constitutes a clear grant of discretionary authority to the Plan administrator and Plan fiduciaries.  See Braun Decl., Ex. 1 at Morgan Stanley 000165, 000175.  The motion for abuse of discretion review is therefore GRANTED.

      2.     Plaintiff moves to augment the administrative record with several groups of documents.  Judicial review of an ERISA plan administrator's decision on the merits is limited to the administrative record.  Montour v. Hartford Life & Acc. Ins. Co., 588 F.3d 623, 632 (9th Cir. 2009).  In the ERISA context, the "administrative record" consists of "the papers the insurer had when it denied the claim."  Id. at 632 n. 4 (citing Kearney v. Standard Ins. Co., 175 F.3d 1084, 1086 (9th Cir.1999) (en banc)).  Even on de novo review, the court generally considers only the evidence that was before the plan administrator but has discretion to allow evidence that was not before the plan administrator "only when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review."  Mongeluzo v. Baxter Travenol Disability Benefit Plan, 46 F.3d 938, 944 (9th Cir.1995) (quoting Quesinberry v. Life

1  Insurance Company, 987 F.2d 1017, 1025 (4th Cir.1993) (en banc)) (internal quotation
2  marks omitted).

3       Plaintiff has demonstrated that the administrative record lacks certain documents
4  that the claim administrator had when it denied plaintiff's claim. The SPD states, "This
5  booklet **and certain other documents** together make up the official Plan documents."
6  Doc. no. 39, Ex. 1 at 000045 (emphasis added). Further, the SPD refers to the insurance
7  contract. Braun Decl., Ex. 1 at Morgan Stanley 000175 ("benefits provided by each of the
8  Plans are limited to the coverage of the insurance contract"). Plaintiff's motion to augment
9  the administrative record is therefore GRANTED IN PART. Defendants are ordered to
10 provide a declaration that describes the "certain other" Plan documents identified in the
11 SPD, not limited to the life insurance plan, and provide a copy of all Plan documents,
12 including any corrected versions of the SPD. Defendants are further ordered to produce
13 the insurance contract for the life insurance plan, including the supplemental life insurance
14 plan. Further, defendants must provide legible, complete copies of the Plan documents,
15 particularly of pages with shaded charts or tables. Defendants must augment the
16 administrative record by July 29, 2011.

17       Plaintiff's motion to augment the administrative record is DENIED with respect to the
18 requests for Morgan Stanley corporate documents, Benefits Center training instructions
19 and website, and recordings of phone calls to the Benefits Center on the ground that these
20 documents could not be construed to define or vary the terms of the Plan. The court will
21 not entertain motions to compel discovery by plaintiff.

22       3.    Morgan Stanley moves to dismiss plaintiff's third claim for relief alleging
23 breach of contract on the ground that this claim is preempted by ERISA. Section 502(a) of
24 ERISA provides, among other things, that "[a] civil action may be brought . . . by a
25 participant or beneficiary . . . to recover benefits due to him under the terms of his plan . . ."
26 29 U.S.C. § 1132(a). "The purpose of ERISA is to provide a uniform regulatory regime
27 over employee benefit plans." Aetna Health, Inc. v. Davila, 542 U.S. 200, 208 (2004). To
28

3

this end, ERISA includes expansive preemption provisions which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern. Id.; see also Security Life Ins. Co. of America v. Meyling, 146 F.3d 1184, 1188 (9th Cir. 1998) ("ERISA contains one of the broadest preemption clauses ever enacted by Congress."). ERISA preempts all state laws insofar as they relate to an employee benefit plan. 29 U.S.C. § 1144(a); Cleghorn v. Blue Shield, 408 F.3d 1222, 1225 (9th Cir. 2005). This provision has been interpreted broadly to apply to "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" because any such cause of action would "conflict[ ] with the clear congressional intent to make the ERISA remedy exclusive . . ." Davila, 542 U.S. at 209 (footnote added).

The breach of contract claim alleges, in part, "In the event that the Court determines that the maximum amount of insurance available under the plan is limited to $550,000, as claimed by the Plan, then Plaintiff alleges that the promise by the Benefits Center representative that insurance was available in the amount of $1 million constitutes, in part, a promise by Morgan Stanley and, to pay that portion of the benefit which is not covered by the ERISA plan, i.e., $500,000 as a form of compensation which is not subject to ERISA." FAC ¶ 40. The court determines that plaintiff's breach of contract claim against Morgan Stanley relates to the employee benefit plan for supplemental life insurance and is therefore preempted by ERISA. Morgan Stanley's motion to dismiss the breach of contract claim is therefore GRANTED without leave to amend.

The parties are instructed that future filings must comply with Civil Local Rule 3-4(c)(2) which requires footnotes to conform to the font requirements for printed text.

**IT IS SO ORDERED.**

Dated: July 6, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge