United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY E. AFFONSO,

    Plaintiff,                                  No. C 10-05054 PJH

    v.                                              **ORDER**

METROPOLITAN LIFE INSURANCE COMPANY, et al.,

    Defendants.
_____/

    Now before the court are (1) plaintiff's administrative motion for clarification of the court's July 6, 2011 order, or in the alternative, for limited discovery and (2) plaintiff's motion for leave to file a motion for reconsideration of the July 6, 2011 order to the extent that the order finds the standard of review is for abuse of discretion.  Defendants oppose the motion for clarification on the ground that the motion is procedurally improper because it seeks substantive, rather than administrative, relief.

    1.    The court previously ordered defendants to provide (1) a declaration that describes the "certain other" Plan documents identified in the SPD, not limited to the life insurance plan; (2) a copy of all Plan documents, including any corrected versions of the SPD; and (3) the insurance contract for the life insurance plan, including the supplemental life insurance plan.  Doc. no. 78 at 3.  Plaintiff's motion for clarification asks the court to order defendant Morgan Stanley to produce the following sets of documents and accompanying declaration: (1) the document(s) which created the"Morgan Stanley Life Insurance Plan," Plan number 501; (2) the document(s) which created the "Basic and Supplemental Life Insurance Plan: 501;" and (3) each document which is a part of, or states that it is, either of those Plans, or which established or authorized the establishment

of each of those plans.  Doc. no. 83 at 5.  In the alternative, plaintiff asks the court to modify the July 6, 2011 order to the extent that it precludes plaintiff from undertaking discovery by granting leave to take the deposition of the Plan Administrators of the life insurance plan.

The court agrees that the relief sought by plaintiff is not properly requested in a motion for administrative relief pursuant to Civil Local Rule 7-11.  Nonetheless, in the interests of judicial economy and efficiency and because plaintiff was not permitted to file a motion to compel discovery, the court entertains the motion for clarification.

Plaintiff contends that defendant Morgan Stanley produced an additional declaration from Ms. Braun and a CD containing electronic copies of documents, but that Morgan Stanley has failed to produce all the documents required by the July 6, 2011 order.  Specifically, plaintiff contends that Morgan Stanley has failed to identify and produce documents which create or constitute the "Morgan Stanley Life Insurance Plan" and the "Basic and Supplemental Life Insurance Plan: 501," to which the SPD refers.  Doc. no. 84-3 at 3 (Morgan Stanley 000562) and 4 (Morgan Stanley 000688).  Any such documents, if they exist, fall within the scope of the court's July 6, 2011 order which requires defendants to provide a declaration that describes the "certain other" Plan documents identified in the SPD, not limited to the life insurance plan.  The Braun Declaration provided in response to the July 6, 2011 order fails to address the existence of "certain other documents" that "make up the official Plan documents" for the life insurance plan.  See doc. no. 84-2; doc. no. 39, Ex. 1 at 000045.

In light of the omission of the Braun declaration, the court hereby ORDERS defendant Morgan Stanley to produce a supplemental declaration which addresses the existence of documents, if any, referred to in the SPD that constitute or "make up" the Morgan Stanley Life Insurance Plan or the Basic and Supplemental Life Insurance Plan: 501, as previously ordered.  If no such documents exist, a declaration provided by Morgan Stanley under penalty of perjury must so state.  Defendant must file its supplemental declaration by September 19, 2011.

To the extent that plaintiff seeks leave to file a motion for reconsideration of that portion of the order denying his request for Morgan Stanley corporate documents that authorized the establishment of the plans or for additional discovery, such leave is denied.

2. Plaintiff also seeks leave to file a motion for reconsideration of that portion of the July 6, 2011 order finding that the abuse of discretion standard of review applies, based on newly produced documents, namely, the insurance contract and a new Summary Plan Description. Doc. no. 86 at 2. Denials of ERISA benefits are reviewed de novo "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber v. Bruch, 489 U.S. 101, 115 (1989). In Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 964 (9th Cir. 2006) (en banc), the Ninth Circuit held that "for a Plan to alter the standard of review from the default of de novo to the more lenient abuse of discretion, the Plan must unambiguously provide discretion to the administrator." At the time the court entered the July 6, 2011 order granting defendants' motion for abuse of discretion review, the parties did not dispute that the language contained in the Summary Plan Description ("SPD") is sufficient to confer discretion on the Plan Administrator, but plaintiff disputed whether the SPD constitutes the formal Plan document. The court determined that the SPD constitutes the formal plan document for the supplemental life insurance Plan at issue in this case and determined, under Abatie, 458 F.3d at 963, that the language of the SPD constitutes a clear grant of discretionary authority to the Plan administrator and Plan fiduciaries.

Plaintiff now contends that the newly produced insurance contract does not delegate discretion to Metlife, and that the SPD by itself is not sufficient to delegate discretion to the plan administrator. Doc. no. 86 at 3 (citing Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1161-62 (9th Cir. 2001)). In Grosz-Salomon, the Ninth Circuit determined that the applicable benefit plan had not been amended in conformance with the policy provisions, and held that the discretionary language added to the SPD was "null and void." Because the insurance contract at issue here was not presented to the court on defendants' motion for abuse of discretion review, defendants have not demonstrated that

3

1 the discretionary language stated in the SPD amended the policy according to the
2 provisions for policy changes or waivers. See Doc. no. 87-1 at 8 (MET 08). Thus, plaintiff
3 has demonstrated a material difference in fact because the insurance contract that
4 defendants have recently produced was not presented to the court before entry of the July
5 6, 2011 order and under Grosz-Salomon, defendants need to show that the policy, which is
6 silent on the discretion, if any, of the plan administrator, was amended to grant such
7 discretion.

8       Accordingly, the court grants plaintiff's motion for leave to file a motion for
9 reconsideration of the July 6, 2011 order establishing abuse of discretion as the standard of
10 review. Plaintiff must file a motion for reconsideration, supported by a memorandum of
11 points and authorities not to exceed ten pages, by September 15, 2011. Defendants must
12 file an opposition, not to exceed ten pages, addressing the arguments raised in plaintiff's
13 motion by September 22, 2011. No reply brief will be permitted and the motion for
14 reconsideration will be deemed submitted upon the filing of defendants' opposition.

15 **IT IS SO ORDERED.**

17 Dated: September 8, 2011

18                                     PHYLLIS J. HAMILTON
                                    United States District Judge

4